UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **MELANIE STEVENS,**<br>**Plaintiff,**<br><br>**V.**<br><br>**BREATHITT COUNTY BOARD OF EDUCTATION, et al.,**<br>**Defendants.** | **CIVIL ACTION NO. 5:13-CV-246-KKC**<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to dismiss (DE 10) brought by defendants Larry Hammond and Terry Holliday. For the reasons discussed below, defendants' motion is granted in part and denied in part.

**I. BACKGROUND**

In May 2012, defendant Breathitt County Board of Education ("BOE") hired plaintiff Melanie Stevens to serve as Superintendent of Breathitt County Schools. (DE 1, p. 4). A short time later, Stevens finalized her contract with the BOE; the contract stated that her term as superintendent would last one year. (DE 1, p. 5–6). Almost immediately after being hired, Stevens began investigating and reporting instances of misconduct that occurred prior to her tenure as superintendent. (DE 1, p. 5). Stevens's reports of misconduct led to further investigation by the state Auditor of Public Accounts, who found a number of improprieties that occurred prior to Stevens's tenure. (DE 1, p. 5–6). "On or about October 26, 2012, Plaintiff [Stevens] was informed that she was being 'suspended' from her position as Superintendent of Breathitt County Schools." (DE 1, p. 6). According to Stevens, she was never informed why the

BOE took such action, nor was she given an opportunity to challenge any claims against her or otherwise appeal the BOE's decision. (DE 1, p. 6). Stevens remained on suspension until her contract expired on May 15, 2013. (DE 1, p. 6).

On December 5, 2012, over a month after Stevens's suspension began, the Kentucky Department of Education announced that Breathitt County Schools would become state managed. (DE 1, p. 6). Defendant Terry Holliday, who was the Commissioner of the state education cabinet, announced that Larry Hammond would be the State Manager of Breathitt County Schools. (DE 1, p. 6–7). According to Stevens, Holliday and Hammond "knew that Plaintiff [Stevens] had been suspended without due process" and "neither of them took any corrective action or otherwise gave Plaintiff a hearing . . . throughout the remainder of her contract." (DE 1, p. 7).

Stevens now asserts claims pursuant to 42 U.S.C. § 1983 against all defendants, including defendants Holliday and Hammond in their individual capacities. (DE 1, p. 7). Stevens also asserts a claim against the BOE for violation of a Kentucky whistleblower statute. (DE 1, p. 8).

**II. ANALYSIS**

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must regard the "factual allegations in the complaint . . . as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff's factual allegations in the complaint "must be enough to raise a

right to relief above the speculative level." *Id.* The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id*. at 570.

### A. 42 U.S.C. § 1983 Claim

Stevens asserts a claim arising under 42 U.S.C. § 1983 against both defendants Hammond and Holliday. (DE 1). Stevens asserts that the defendants "deprived Plaintiff [Stevens] of her right to due process when, under color of law, they suspended Plaintiff from her position as Superintendent of Breathitt County Schools and/or left her on suspension from her position of Superintendent of Breathitt County Schools, without providing notice of the allegations against her, an opportunity to respond to those allegations against her, and/or a hearing on the matter." (DE 1, p. 7). Thus, Stevens asserts that defendants violated her due process rights 1) by suspending her from her position without providing notice or a hearing and/or 2) by knowing about the due process violation and leaving her on suspension without offering due process.

The claim against defendants Hammond and Holliday fails as a matter of law. "This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each defendant did to violate the asserted constitutional right*." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (emphasis added). Therefore the Court must determine whether Stevens has asserted facts sufficient to establish a plausible constitutional violation by each individual defendant. *Id.* As to Hammond and Holliday, Stevens fails to state a plausible constitutional violation.

First, Stevens has not alleged that either defendant Holliday or defendant Hammond had anything to do with her suspension on October 26, 2012. In fact, Holliday and Hammond had nothing to with the events asserted in Stevens's complaint until December 5, 2012, over a month after Stevens's suspension. (DE 1, p. 6). Thus, Stevens has not alleged a single fact to establish that Holliday and Hammond deprived her of due process by suspending her without notice or a hearing. It is clear from the complaint that Holliday and Hammond took no part in suspending Stevens and were not even connected to Breathitt County schools at the time.

Stevens's second assertion against Holliday and Hammond is that defendants Holliday and Hammond knew about a due process violation and failed to act. (DE 1, p. 7 noting that both Holliday and Hammond "knew that Plaintiff had been suspended without due process."). This claim also fails as a matter of law. "Factual allegations must be enough to *raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).*" *Goss v. ABN AMRO Mortg. Group.*, No. 12-2627, 2013 WL 6698041 at *2 (6th Cir. 2013) (quoting *Twombly*, 550 U.S. at 545) (emphasis added). Stevens has provided no authority to demonstrate that mere knowledge of a due process violation, without more, is sufficient to cause a separate due process violation. Even taking Stevens's facts as true, Holliday and Hammond's mere knowledge that the BOE denied Stevens due process before suspending her simply does not demonstrate a plausible violation of due process.

Instead, Stevens cites cases that discuss the supervisory liability standard for claims brought under section 1983. (DE 12, p. 3). Stevens is correct that liability under section 1983 may be imposed for failure to act *when there is a duty to act*. "Liability for failure to act has most often been found when the defendant is in a supervisory position, over the parties whose conduct plaintiff complains of." *Clark v. Taylor*, 710 F.2d 4, 9 (6th Cir. 1983). Here, however,

4

Stevens has not alleged that Holliday or Hammond had any duty to act; nor is there any reason to believe, under the facts alleged, that Holliday and Hammond would have a duty to act at the time Stevens was suspended or at any point thereafter. Holliday is the Kentucky Commissioner of Education. Stevens does not allege he took part in her suspension, and does not even allege that Holliday ever had any direct contact with Breathitt County schools, except that Holliday assigned Hammond as the State Manager of Breathitt County *after* Stevens had already been suspended. As for defendant Hammond, he became the State Manager of Breathitt County at some point well over a month *after* Stevens was suspended. Stevens does not allege that Hammond played any role in her suspension, or exercised any control in the Breathitt County school system until after Stevens was suspended. Stevens also does not allege that Hammond had any duty to act on a past due process violation.

Moreover, "a supervisory official's failure to supervise . . . the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 ( 6th Cir. 1999) (internal citations omitted). Moreover, "liability under § 1983 must be based on *active* unconstitutional behavior and cannot be based upon a mere failure to act." *Id.* (emphasis added) (internal citations omitted). Thus, even if Holliday or Hammond owed Stevens a supervisory duty to act, Stevens has not asserted any facts to demonstrate that Holliday or Hammond played any role whatsoever in Stevens's suspension or *actively* did anything after Stevens's suspension to cause additional due process violations. "At best, she has merely claimed that the [defendants] were aware of alleged [wrongdoing], but did not take appropriate action. This is insufficient to impose liability

on supervisory personnel under § 1983." *Id.* (internal citations omitted). Accordingly, as a matter of law, Holliday and Hammond did not commit a constitutional violation. To find otherwise would create a perverse result of holding defendants with mere knowledge of past constitutional violations, made by others, liable for a violation for which they took no part.

**B. State Law Whistleblower Claim**

To the extent Hammond and Holliday move to dismiss Stevens's state law whistleblower claims against Hammond and Holliday, that motion is denied as moot, because Stevens did not assert a state whistleblower claim against either defendant. Stevens's state law whistleblower complaint is brought solely against the BOE. (DE 1, p. 8).

**III. CONCLUSION**

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The motion to dismiss (DE 10) brought by Hammond and Holliday is **GRANTED** as to Stevens's section 1983 claim;

2. The motion to dismiss (DE 10) brought by Hammond and Holliday is **DENIED AS MOOT** as to Stevens's state whistleblower claim; and

3. Therefore, no claims remain against defendants Hammond and Holliday in this matter.

Dated this 5th day of February, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY